| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>DISTRICT OF CONNECTICUT | |
| Virginia Reale,<br><br>          Plaintiff,<br>v.<br><br>Zwicker & Associates, P.C.; and<br>DOES 1-10, inclusive,<br><br>          Defendants. | Civil Action No.: _____<br><br><br>COMPLAINT<br><br><br>June 25, 2012 |

For this Complaint, Plaintiff, Virginia Reale, by undersigned counsel, states as follows:

## JURISDICTION

1.  This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA") and violations of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a, *et seq.*, by Defendants and their agents in their illegal efforts to collect a consumer debt.

2.  Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.  Plaintiff, Virginia Reale ("Plaintiff"), is an adult individual residing in Farmington, Connecticut, and is a "consumer" as the term is defined by 15 U.S.C.

§ 1692a(3).

5. Defendant Zwicker & Associates, P.C. ("Zwicker"), is a Massachusetts business entity with an address of 80 Minuteman Road, Andover, Massachusetts, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Zwicker and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Zwicker at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

A. The Debt

8. Plaintiff allegedly incurred two separate financial obligations (the "Debts") to American Express (the "Creditor").

9. The Debts arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meet the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debts were purchased, assigned or transferred to Zwicker for collection, or Zwicker was employed by the Creditor to collect the Debts.

11. Defendants attempted to collect the Debts, thereby engaging in "communications" as defined in 15 U.S.C. § 1692a(2).

B. <u>Zwicker Engages in Harassment and Abusive Tactics</u>

12. On or about November 16, 2011, Zwicker placed a phone call to Plaintiff in an attempt to collect the Debts.

13. Zwicker thereafter sent Plaintiff a 30-day validation notice for each of the Debts (the "Validation Notices").

14. On or about November 21, 2011, Plaintiff received the Validation Notices.

15. On or about December 15, 2011, Plaintiff mailed letters disputing each of the Debts (the "Dispute Letters") to Zwicker via certified mail.

16. Zwicker received the Dispute Letters on December 16, 2011.

17. On or about December 21, 2011, Zwicker initiated two separate lawsuits against Plaintiff in an attempt to collect the Debts.

18. On or about January 6, 2012, Zwicker provided Plaintiff with validation of one of the Debts.

19. Zwicker did not provide Plaintiff with validation of the Debts before either suit was commenced.

C. <u>Plaintiff Suffered Actual Damages</u>

20. Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

21. As a direct consequence of Defendants' acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *et seq*.

22. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of the Debts.

24. Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants misrepresented the character, amount and legal status of the Debts.

25. Defendants' conduct violated 15 U.S.C. § 1692g(b) in that Defendants continued collection efforts even though the Debts had not been verified.

26. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

27. Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATIONS OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT,
## Conn. Gen. Stat. § 42-110a, et seq.

28. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. Defendants are each individually a "person" as defined by Conn. Gen. Stat. § 42-110a(3).

30. Defendants engaged in unfair and deceptive acts and practices in the conduct of its trade, in violation of Conn. Gen. Stat. § 42-110b(a).

31. Plaintiff is entitled to damages as a result of Defendants' violations.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4. Actual damages pursuant to Conn. Gen. Stat. § 42-110g;

5. Actual damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations in an amount to be determined at trial for the Plaintiff;

6. Punitive damages; and

7. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: June 25, 2012

                      Respectfully submitted,

                      By   /s/ Sergei Lemberg

                      Sergei Lemberg, Esq.
                      LEMBERG & ASSOCIATES L.L.C.
                      1100 Summer Street, 3rd Floor
                      Stamford, CT 06905
                      Telephone: (203) 653-2250
                      Facsimile:   (203) 653-3424
                      Attorney for Plaintiff